So Ordered.

Signed this 20 day of December, 2017.

_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:
    Bobbi Alexandria Constantine,        Case No. 17-11960
                                                Chapter 13
                     Debtor.
_____

**DECISION AND ORDER**

On October 20, 2017, the Debtor, *pro se*, filed a chapter 13 bankruptcy petition (ECF No. 1) and an Application to Pay Filing Fee in Installments (ECF No. 2). On October 23, 2017, the Court entered an order denying the Debtor's application to pay the filing fee in installments and set a hearing to dismiss the case with prejudice should the Debtor fail to pay the filing fee by November 2, 2017. (ECF No. 16.) On October 24, 2017, the Court entered an Order Setting Hearings (ECF No. 19) on the Debtor's Motions for Wavier of the Credit Counseling (ECF No. 8) and Financial Management (ECF No. 9) requirements. The Debtor responded to the Court's orders, and, based on those submissions, the Court extended the Debtor's time to pay the filing fee until November 30, 2017, and adjourned all three hearings. On December 11, 2017, the Court determined

1

oral argument was unnecessary and stated it would render a decision on the waiver and dismissal motions based upon the Debtor's submissions. (ECF No. 51.)

## Credit Counseling and Financial Management

The Debtor's motions request permanent waivers of the credit counseling and financial management requirements due to the Debtor's hearing impairment. The standard for permanent waiver of the credit counseling requirement is set forth in 11 U.S.C. § 109(h)(4). Pursuant to 11 U.S.C. § 727(a)(11), the same standard applies to the permanent waiver of the financial management requirement. A permanent waiver may be granted on the basis "of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4). The Debtor does not allege that she has a mental illness or deficiency to establish incapacity or that she is in active military duty. That leaves the Debtor to establish that she is disabled to qualify for a waiver. Pursuant to § 109(h)(4), "'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)."

Although the Debtor is deaf, her own actions demonstrate that her hearing impairment is not a disability within the meaning of 11 U.S.C. § 109(h)(4). The Debtor completed a credit counseling course on November 13, 2017 (ECF No. 44) and a Personal Financial Management Course on December 12, 2017. (ECF No. 52.) By completing these courses, the Debtor has shown that she was not so physically impaired as to be unable to complete the requirements. Additionally, while the Debtor did not specifically raise the issue, an incarcerated debtor is not, solely by virtue of her imprisonment, rendered disabled for purposes of § 109(h)(4). *In re Hubel*, No. 08-10396,

2008 WL 9019929 (Bankr. N.D.N.Y. March 7, 2008), *aff'd*, 395 B.R. 823 (N.D.N.Y. 2008).

### Failure to Pay the Filing Fee

The Debtor's Application to Pay Filing Fee in Installments was denied and the order directed the Debtor to pay the entirety of the filing fee by November 2, 2017. Upon the Debtor's request, the Court extended the time to pay to November 30, 2017. The Debtor made one payment of $75.00 on November 8, 2017. The Debtor indicates that she cannot make additional payments until at least January 4, 2018. Although she amended her application to pay the fee in installments, the time to appeal the Court's order has run and she provides no basis for the Court to reconsider its prior order. Therefore, the November 30, 2017 deadline to pay the entire filing fee was not extended and $235.00 remains unpaid. As such, the case is ripe for dismissal, *with prejudice*, for a period of 180 days.

### Dismissal

Taking into consideration all of the facts and circumstances of this case, the Court declines to dismiss the case, *with prejudice*, for failure to pay the filing fee. Instead, the case will be dismissed, without prejudice, for failure to file a valid credit counseling certificate. Since the Court denied the Debtor a permanent waiver pursuant to § 109(h)(4), the Debtor is not eligible to be a debtor because the briefing on credit counseling was completed after the filing of her case.[1]  However, the Debtor may file a

---

[1] Pursuant to 11 U.S.C. § 109(h)(1), "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

3

new case because she has now completed credit counseling, which would be valid for a period of 180 days.

NOW, for all of the foregoing reasons, it is hereby

**ORDERED**, that the Debtor's Motions for Wavier of the Credit Counseling (ECF No. 8) and Financial Management (ECF No. 9) requirements are **DENIED**; and it is further

**ORDERED**, that the above captioned case (Case No. 17-11960) is hereby **DISMISSED**, without prejudice, pursuant to 11 U.S.C. § 109(h).

###